UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKIE SUNDANCE LEWIS (a.k.a. FRANKIE EDWIN SUNDANCE SARGENT),<br><br>  Petitioner,<br><br>  vs.<br><br>WASHINGTON STATE PENITENTIARY,<br><br>  Respondent. | NO.  CV-05-5038-EFS<br><br>ORDER DISMISSING PETITION |

Petitioner, a prisoner at the Washington State Penitentiary (WSP), seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears Petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** that the District Court Executive shall file the Petition without payment of the filing fee.

Petitioner challenges his 2004 Benton County conviction for apparently stealing a motor vehicle. He was sentenced to 50 months incarceration. Petitioner asserts he is being held unlawfully because he was convicted under an alias, "Frankie Edwin Sundance Sargent," rather than under his "real" name, "Frankie Sundance Lewis." Petitioner admits he has used the name "Sargent" for many years, even

ORDER DISMISSING PETITION -- 1

to obtain a driver's licence.  He now asserts he should be know as "Frankie Sundance Lewis" as his real father's name was "Lewis."

A district court has jurisdiction to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner does not deny he committed the crime for which he is presently incarcerated.  He merely asserts he should be released because he claims his name is "Lewis," rather than "Sargent." Incarceration under an alias admittedly used by Petitioner does not entitle him to federal habeas relief.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, permits the federal district court to summarily dismiss a petition when it is clear on the face of the petition that the Petitioner is not entitled to the relief he seeks.  Furthermore, the court may deny a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the State courts. 28 U.S.C. § 2254(b)(2).   Accordingly, for the reasons stated above, **IT IS ORDERED** the petition is **DISMISSED as frivolous.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close the file.

**DATED** this____4th_____day of April 2005.

                    s/ Edward F. Shea
                    EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 2